# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| THE OHIO TUITION TRUST AUTHORITY, | Case No. |
| Plaintiff, | |
| | Judge |
| v. | |
| COLLEGE ADVANTAGE, LLC,<br>9148 Wooden Road<br>Raleigh, North Carolina 27617, and | COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CYBERSQUATTING |
| BROOKE DALY,<br>9148 Wooden Road<br>Raleigh, North Carolina 27617, | Jury Demand Endorsed Hereon |
| Defendants. | |

Plaintiff The Ohio Tuition Trust Authority ("OTTA" or "Plaintiff"), for its Complaint against Defendant College Advantage, LLC and Defendant Brooke Daly (collectively, "Defendants"), hereby alleges and avers as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §1051 *et seq.*, cybersquatting under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. §1125, and related common law and state law causes of action arising from Defendants' use of the trade name and service mark "College Advantage" and confusingly similar variations thereof, in violation of OTTA's rights.

2.      OTTA is the owner of Federal trademark registrations for the mark COLLEGE ADVANTAGE.  Defendants are the owner of the domain name www.college-advantage.com at which they operate a website advertising similar services as those covered by OTTA's Federal trademark registrations.  Through these and other actions, Defendants have willfully committed

trademark infringement, unfair competition, and cybersquatting in violation of Title 15 of the United States Code and have violated North Carolina law prohibiting trademark infringement, unfair competition, and deceptive trade practices.

## THE PARTIES

3.    OTTA is an Ohio State Agency with its principal place of business at 580 South High Street, Suite 208, Columbus, Ohio 43215.

4.    OTTA administers a college tuition savings plan that is qualified under "Section 529" of the Internal Revenue Code. OTTA further provides a variety of financial services related to higher education, including the provision of information regarding college financing and financing choices.

5.    Defendant College Advantage, LLC is, upon information and belief, a limited liability corporation organized and existing under the laws of the state of North Carolina, having its principal place of business at 9148 Wooden Road, Raleigh, North Carolina 27617.

6.    Defendant Brooke Daly is, upon information and belief, a resident of the state of North Carolina and the owner of Defendant College Advantage, LLC. Defendant Brooke Daly is also the owner of the domain name www.college-advantage.com.

7.    Defendants, upon information and belief, provide financial services including the provision of information relating to college financing and financing choices.

## JURISDICTION AND VENUE

8.    This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1051 *et seq.*, cybersquatting under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. §1125, and related common law and state law causes of action arising

from Defendants' use of the trade name and service mark "College Advantage" and confusingly similar variations thereof, in violation of OTTA's rights.

9.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal question jurisdiction) and §1338(a) and (b) (original jurisdiction over trademark and unfair competition actions), and 15 U.S.C. §§1114 *et seq.* (the Federal Trademark Act).

10.      This Court has supplemental jurisdiction over Plaintiff OTTA's state statutory and common-law claims under 28 U.S.C. §1367.

11.      This Court has personal jurisdiction over the Defendants because each of the Defendants resides in the State of North Carolina. Additionally, each of the Defendants has had substantial contacts with North Carolina to justify their having to respond to this action here. OTTA is being harmed in this District, Defendants are doing business in this District, and specific actions about which OTTA complains have taken place in this District.

12.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) and (b) because Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

**A.      The COLLEGEADVANTAGE mark**

13.      OTTA administers a Section 529 qualified college tuition savings plan (the "CollegeAdvantage 529 Savings Plan") and provides a variety of financial services related to higher education, including the provision of information regarding college financing and financing choices under the mark COLLEGEADVANTAGE.

14.      OTTA owns the following United States trademark registrations for the COLLEGEADVANTAGE mark: Registration No. 3,885,424 for "Financial services, namely,

the provision of information regarding college financing and financing choices" in Class 36 and Registration No. 3,585,083 for "financial services, namely, providing instruments for investment for the purpose of funding education at institutions of higher education; providing information in the field of investments" in Class 36. True and accurate copies of these registrations are attached as **Exhibit A**.

15. OTTA has operated a website advertising its CollegeAdvantage 529 Savings Plan and related services since at least as early as October 2000 at the domains www.collegeadvantage.com and www.collegeadvantage529.com.

16. The COLLEGEADVANTAGE mark is a strong and highly distinctive mark that has acquired substantial national goodwill in conjunction with one of the nation's leading college investment tools. OTTA has invested substantial resources to advertise and promote the COLLEGEADVANTAGE mark throughout the United States. As a result, the COLLEGEADVANTAGE mark has become highly distinctive, and the CollegeAdvantage 529 Savings Plan enjoys a nationwide client and user base.

17. OTTA's CollegeAdvantage 529 Savings Plan has received national recognition as one of the nation's top five college savings plan by Morningstar, Inc., a leading independent investment research firm.

**B.     The Defendants, Their Relationships, and the Infringing Activities**

18. Defendant College Advantage, LLC was formed on or around January 6, 2009 and is or has been engaged in the business of providing information to consumers regarding options for college financing.

19.     Upon information and belief, Defendant College Advantage, LLC and/or Defendant Brooke Daly have been doing business under the name "Advantage College Planning" since May 2011.

20.     Defendant College Advantage, LLC is the alter ego of Defendant Brooke Daly.

21.     Defendant Brooke Daly, individually and on behalf of College Advantage, LLC, is or has been engaged in the business of providing information to consumers regarding options for college financing (the College Advantage, LLC Services).

22.     Upon information and belief, Defendant Daly registered the domain name www.college-advantage.com in December 2008 and, for her own benefit and for the benefit of one or more entities she controls, operates a website at that domain.  Defendant Daly registered the domain name www.college-advantage.com at least eight years after OTTA began advertising its CollegeAdvantage 529 Savings Plan at the domain name www.collegeadvantage.com.

23.     Upon information and belief, Defendants registered and are using the additional domain name www.advcp.com to advertise the College Advantage, LLC Services.

24.     The domain name www.college-advantage.com is confusingly similar to Plaintiff OTTA's registered COLLEGEADVANTAGE mark.   Said domain name incorporates the COLLEGEADVANTAGE mark in its entirety.

25.     Defendants have used the domain name www.college-advantage.com to divert Internet users from OTTA's website at www.collegeadvantage.com.

26.     Defendant Daly uses various email addresses with the www.college-advantage.com domain name in furtherance of providing her services and the College Advantage, LLC Services.

27. Upon information and belief, Defendants made no legitimate use of any term identical or similar to the COLLEGEADVANTAGE mark before registering the domain name www.college-advantage.com.

28. On or about July 2010, Plaintiff OTTA sent a letter to Defendants informing Defendants that their conduct violated U.S. trademark law. Plaintiff's letter demanded that Defendants immediately cease and desist from any and all use of the mark COLLEGEADVANTAGE and, among other things, transfer the www.college-advantage.com domain name to OTTA.

29. Upon information and belief, Defendant Daly began redirecting traffic from www.college-advantage.com to www.advcp.com on or around May 2011.

30. Between July 2010 and May 2011, the parties exchanged numerous communications in an effort to resolve the claims which are the subject of this Complaint.

31. Defendants have begun doing business under the name Advantage College Planning at the website www.advcp.com but continue to use the domain name www.college-advantage.com to direct traffic to the www.advcp.com website.

32. Notwithstanding changing their primary business name to Advantage College Planning, Defendants continue to use the mark COLLEGEADVANTAGE on the Advantage College Planning website and continue to point the www.college-advantage.com domain name to their current website.

33. By multiple emails to Defendants' counsel, OTTA informed Defendants that the continued use of the website at www.college-advantage.com and associated email addresses violates U.S. trademark laws and demanded that the domain name be transferred to OTTA.

34. Despite these requests, Defendants continue to use the www.college-advantage.com domain name to advertise their competing college financing services.

35. Upon information and belief, Defendants intend to continue to use the www.college-advantage.com domain name to attract and divert Internet users to Defendants' website at www.advcp.com.

36. Upon information and belief, unless and until enjoined by this Court, Defendants intend to continue to use email addresses associated with the www.college-advantage.com domain name to offer the services of Defendant Daly and College Advantage, LLC to the public.

37. Upon information and belief, Defendants' use of the infringing domain name www.college-advantage.com has been and continues to be made with a bad faith intent to profit from the COLLEGEADVANTAGE mark.

38. Defendants' use of the COLLEGEADVANTAGE mark in connection with the www.college-advantage.com domain name is likely to cause confusion and deception as to source, sponsorship, affiliation, or endorsement with Plaintiff OTTA and with Plaintiff's COLLEGEADVANTAGE mark.

39. Upon information and belief, Defendant Daly directed, controlled, ratified, and actively participated in, personally took part in, or was the moving force behind, and profited from Defendants' unauthorized use and continued use of the COLLEGEADVANTAGE mark.

**COUNT I**
**(Federal Trademark Infringement – 15 U.S.C. §1114)**

40. OTTA realleges and incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth here.

41. OTTA owns valid and protectable rights in the COLLEGEADVANTAGE mark.

42.     Defendants' use of the COLLEGEADVANTAGE mark in relation to the College Advantage, LLC Services, and as described herein, creates a likelihood of confusion and constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(1).  Defendants' acts complained of herein also constitute an attempt to trade on the goodwill that OTTA has developed, all to the damage of OTTA.

43.     Defendants' use in commerce of OTTA's COLLEGEADVANTAGE mark has damaged OTTA in an amount to be proven at trial.

44.     Some or all of Defendants' use of the COLLEGEADVANTAGE mark is ongoing and will continue unless enjoined by this Court.

45.     OTTA has no adequate remedy at law for Defendants' unauthorized use of OTTA's COLLEGEADVANTAGE mark in connection with the services described herein.

## COUNT II
### (False Designation of Origin and Unfair Competition – 15 U.S.C. §1125)

46.     OTTA realleges and incorporates by reference the allegations contained in paragraphs 1 through 45 of this Complaint as if fully set forth here.

47.     Defendants' deceptive and misleading use, as described above, of the name "College Advantage, LLC" in connection with services relating to college financing and financing choices is a false representation as to the origin of the services offered in connection with the mark.  Defendants' use of the name College Advantage, LLC is likely to mislead the public and is likely to cause confusion or mistake, or to deceive (a) by suggesting that an affiliation, connection, or association between OTTA and Defendants exists when it does not, (b) by suggesting that OTTA's endorses, sponsors, or approves of Defendants' Services when OTTA does not, and (c) by misrepresenting Defendants' Services as originating with OTTA when they do not, all in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.

48.     Defendants' deceptive and misleading use, and continued use, of the COLLEGEADVANTAGE mark is willful, because, at a minimum, Defendants continued their use of the COLLEGEADVANTAGE mark after receiving notification from OTTA that Defendants' use was unauthorized and unlawful.

49.     Defendants' impermissible use of the COLLEGEADVANTAGE mark causes immediate and irreparable harm to Plaintiff OTTA by causing Plaintiff to lose control over the quality of services advertised, sold, and provided in connection with the COLLEGEADVANTAGE mark.

50.     The loss of Plaintiff OTTA's right to control the use of the COLLEGEADVANTAGE mark, and the reputation of the services provided in connection therewith, is real and substantial.

51.     Defendants' conduct has caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable harm, damage, and injury to Plaintiff OTTA, for which OTTA has no adequate remedy at law.

## COUNT III
### (Cybersquatting – 15 U.S.C. §1125)

52.     OTTA hereby incorporates the allegations contained in paragraphs 1 through 51 of this Complaint as if fully set forth here.

53.     Defendants' registered, trafficked in, and used the www.college-advantage.com domain name with the intent to divert Internet users away from the domain names registered by OTTA and to the website offering the College Advantage, LLC Services, which compete with OTTA's services that are registered and protected under the COLLEGEADVANTAGE mark.

54.     The www.college-advantage.com domain name incorporates the distinctive COLLEGEADVANTAGE mark in its entirety.

55.     Defendants' registered, trafficked in, and used the www.college-advantage.com domain name with the intent to cause confusion or mistake or to deceive the public.

56.     Defendants' actions described above constitute cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

57.     By reason of Defendants' registration and use of the www.college-advantage.com domain name, OTTA has been, and will continue to be, irreparably damaged unless Defendants are enjoined from using and retaining ownership of said domain name.

58.     OTTA is entitled to injunctive relief against Defendants, to recover damages in an amount to be proven at trial, reasonable attorneys' fees, and costs incident to Defendants' unlawful cybersquatting.

### COUNT IV
### (Unfair and Deceptive Trade Practices – N.C. Gen. Stat. § 75-1.1)

59.     OTTA hereby incorporates the allegations contained in paragraphs 1 through 58 of this Complaint as if fully set forth here.

60.     Defendants' conduct described above constitutes use of a false designation of origin which is likely to cause confusion, mistake or deception as to origin, sponsorship or approval, constitutes unfair and deceptive trade practices in or affecting commerce in the State of North Carolina.  Defendants' conduct complained of herein also constitutes and attempt to trade on the goodwill that OTTA has developed, all to the damage of OTTA.  All such activities are in violation of N.C. Gen. Stat. § 75-1.1 *et seq.*

61.     Defendants' conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to OTTA.

62.     OTTA has no adequate remedy at law.

63.     OTTA has been damaged by Defendants' unfair and deceptive trade practices in an amount to be determined at trial which, upon information and belief, is in excess of $10,000.

64.     Pursuant to N.C. Gen. Stat. § 75-16, OTTA is entitled to treble damages for Defendants' unfair and deceptive acts.

65.     On information and belief, Defendants have acted, and continue to act, willfully with respect to their unfair and deceptive trade practices alleged herein, entitling OTTA to attorney fees pursuant to N.C. Gen. Stat. Section 75-16.1.

## COUNT V
### (Unfair Competition – North Carolina Common Law)

66.     OTTA hereby incorporates the allegations contained in paragraphs 1 through 65 of this Complaint as if fully set forth here.

67.     With knowledge of, and disregard for, OTTA's rights in the COLLEGEADVANTAGE mark, Defendants have sought to exploit the valuable goodwill of OTTA by offering Defendant Daly's services and the College Advantage, LLC Services.

68.     Defendants' conduct complained of herein misappropriates valuable property rights of OTTA and is likely to confuse and deceive members of the purchasing public.

69.     Defendants' conduct causes immediate and irreparable harm and injury to OTTA by causing OTTA to lose control over the quality of services advertised, sold, and provided under Plaintiff's COLLEGEADVANTAGE mark.

70.     Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to OTTA.

71.     By virtue of Defendants' conduct, Defendants have been unjustly enriched at the expense of OTTA in violation of the common law of the State of North Carolina.

72.     Defendants' conduct has injured OTTA in an amount to be proven at trial.

## COUNT VI
### (Trademark Infringement – North Carolina Common Law)

73.     OTTA hereby incorporates the allegations contained in paragraphs 1 through 72 of this Complaint as if fully set forth here.

74.     Defendants' conduct complained of herein has caused confusion, mistake, and, upon information and belief, has deceived, or is likely to deceive, the purchasing public and others whereby purchasers and others have been and will be led mistakenly to believe that Defendants are affiliated with, related to, sponsored by, or connected with OTTA, in violation of the common law of the State of North Carolina.  The acts complained of herein constitute an attempt to trade on the goodwill that OTTA has developed, all to the damage of OTTA.

75.     Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to OTTA.

76.     OTTA has no adequate remedy at law and, in addition to monetary damages for Defendants' past conduct, OTTA is entitled to injunctive relief to prevent continued harm by Defendants' wrongful acts.

### RELIEF SOUGHT

WHEREFORE, Plaintiff The Ohio Tuition Trust Authority asks this Court to:

A.     Find that the acts of Defendants constitute trademark infringement in violation of United States law.

B.     Find that the acts of Defendants constitute unfair competition and false designation of origin under United States law.

C.     Find that the acts of Defendants constitute cybersquatting in violation of United States law.

D.      Find that the acts of Defendants constitute unfair competition in violation of N.C. Gen. Stat. §§75-1.1 *et seq.*

E.      Find that the acts of Defendants constitute trademark infringement in violation of the common law of the State of North Carolina.

F.      Find that the acts of Defendants constitute unfair competition in violation of the common law of the State of North Carolina.

G.      Grant a permanent injunction restraining and enjoining Defendants, and any principals, agents, servants, employees, successors, and assigns of any of the Defendants, and all those in privity, concert, or participation with the Defendants from:

a.      making any use of the COLLEGEADVANTAGE mark or of any mark that is confusingly similar to, or likely to be confused with, the COLLEGEADVANTAGE mark;

b.      manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material which bears any use of the COLLEGEADVANTAGE mark or any mark that is confusingly similar to, or likely to be confused with, the COLLEGEADVANTAGE mark;

c.      using the COLLEGEADVANTAGE mark or any mark that is confusingly similar to, or likely to be confused with, the COLLEGEADVANTAGE mark in such a fashion as is likely to relate falsely to or connect Defendants with OTTA;

d.      causing likelihood of confusion or injury to OTTA and/or to the distinctiveness of the COLLEGEADVANTAGE mark by unauthorized use of the same;

e.      engaging in any other activity constituting unfair competition or infringement of the COLLEGEADVANTAGE mark;

f.     assisting, aiding, or abetting any other person or entity in engaging or performing any of the activities enumerated in subparagraphs (a) through (e) above.

H.     Order Defendants to transfer to OTTA the domain name www.college-advantage.com, as well as any other domain name containing the COLLEGEADVANTAGE mark, in whole or in part, or any mark that is confusingly similar thereto.

I.     Order Defendants, and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendant who receive actual notice of said order, to deliver up all promotional, advertising, and any other printed materials and items of any kind bearing the COLLEGEADVANTAGE mark or any mark that is confusingly similar to, or likely to be confused with, the COLLEGEADVANTAGE mark.

J.     Find that Defendants' violations of OTTA's rights in the federally registered COLLEGEADVANTAGE mark are willful.

K.     Find Defendants jointly and severally liable and award to OTTA monetary damages in an amount to be fixed by the Court in its discretion as just, including all of the Defendants' profits or gains of any kind resulting from its willful infringement, said amount to be trebled and/or otherwise increased, and exemplary damages in view of the intentional nature of the acts complained of herein, plus pre and post-judgment interest, pursuant to federal law and the statutory and common law of the State of North Carolina.

L.     Award OTTA its reasonably attorneys' fees, due to the exceptional nature of this case, along with all of OTTA's costs and expenses of litigation, pursuant to, inter alia, 15 U.S.C. §1117(a) and N.C. Gen. Stat. Section 75-16.1.

M.     Grant to OTTA such other and further relief as the Court may deem just and proper.

## JURY DEMAND

OTTA demands a trial by jury on all claims and issues so triable.

MICHAEL DeWINE
ATTORNEY GENERAL OF OHIO

By: /s/ T. Earl LeVere
T. Earl LeVere (39392)
Schottenstein, Zox & Dunn Co., L.P.A
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-1095
Fax: (614) 228-4847
Email: elevere@szd.com

*Outside Counsel for Plaintiff Ohio Tuition
Trust Authority*

OF COUNSEL:

Roger A. Gilcrest (Ohio 0019663)
  Email: rgilcrest@szd.com
Amy R. Tulk (Ohio 0084154)
  Email: atulk@szd.com
Schottenstein, Zox & Dunn Co., L.P.A
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-2700
Fax: (614) 462-5135